UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM THULL, | Case No. 11-CV-2368 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| TECHTRONIC INDUSTRIES CO., LTD.; TECHTRONIC INDUSTRIES NORTH AMERICA, INC.; ONE WORLD TECHNOLOGIES INC.; RYOBI TECHNOLOGIES, INC.; and HOME DEPOT U.S.A., INC., | |
| Defendants. | |

Eric D. Pearson, HEYGOOD, ORR & PEARSON; Ernest J. Palazzolo and Richard J. Sullivan, SULLIVAN & SULLIVAN LLP; Gale D. Pearson and Stephen J. Randall, PEARSON, RANDALL & SCHUMACHER P.A., for plaintiff.

Alexandria L. Bell, John W. Bell, Meghan M. Sciortino, and William G. Beatty, JOHNSON & BELL LTD.; Stanley E. Siegel, Jr. and Andrew J. Sveen, NILAN JOHNSON LEWIS P.A., for defendants.

Judge Michael H. Simon of the United States District Court for the District of Oregon ordered that Dr. Stephen F. Gass and two entities controlled by Gass comply with a subpoena and produce to defendants certain documents relevant to this litigation. When Gass refused to obey his order, Judge Simon found Gass to be in contempt of court. *See* ECF No. 98-15. As part of the contempt order, Judge Simon prohibited Gass from providing "any declaration, affidavit, deposition testimony, or trial testimony" in this case. *Id*. at 10. Plaintiff Adam Thull now moves this Court to enter an order permitting Gass to testify at trial.

In essence, Thull asks this Court to declare that Judge Simon's order was not valid, that Gass need not comply with it, and that Gass cannot be held in criminal contempt if he testifies at

trial. The Court very much doubts that it may grant the relief Thull seeks. Thull has cited no authority in support of the proposition that one federal district court may declare invalid an order of another federal district court. To the contrary, he acknowledges that "federal courts long have recognized that the principle of comity requires federal district courts — courts of coordinate jurisdiction and equal rank — to exercise care to avoid interference with each other's affairs."[1] *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985).

The question of whether the subpoena should be enforced and Gass compelled to turn over the disputed documents was properly before Judge Simon. Likewise, the question of what consequences should follow from Gass's refusal to turn over those documents was properly before Judge Simon. Rule 45(g) of the Federal Rules of Civil Procedure authorizes "[t]he court for the district where compliance is required" — here, the District of Oregon — to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Judge Simon's order remains valid unless and until it is vacated by Judge Simon himself or the United States Court of Appeals for the Ninth Circuit.

In any event, even if this Court had the power to invalidate Judge Simon's order, the Court would not do so. The Court agrees with Judge Simon that the documents identified in his order are necessary for defendants to conduct a full cross-examination of Gass. If Gass were to

---

[1] Even in the rare case in which one federal court interferes with the work of another federal court, that inference is the indirect result of an order directed to the *parties*, not the result of one court purporting to declare invalid an order of the other court. *See, e.g.*, *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) ("When a federal court is presented with . . . a duplicative suit, it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin *the parties* from proceeding in the other suit.") (emphasis added).

volunteer to testify at trial[2] but refuse to answer questions about the disputed documents, the Court would strike Gass's testimony.  *See United States v. Austin*, 255 F.3d 593, 597 (8th Cir. 2001) ("[A] district court may strike all or part of a witness' testimony if the witness refuses to answer questions on cross examination . . . .") (citing *United States v. Humphrey*, 696 F.2d 72, 75 (8th Cir. 1982)).  The Court would not permit Gass to take the stand unless Gass first agreed to produce the disputed documents and answer questions about them, thereby enabling defendants to conduct a full cross-examination.

For these reasons, Thull's motion is denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff Adam Thull's motion for order permitting Dr. Stephen F. Gass to testify [ECF No. 94] is DENIED.

Dated: April  15 , 2014                                s/Patrick J. Schiltz
                                                       Patrick J. Schiltz
                                                       United States District Judge

---

[2]The Court cannot *compel* Gass to testify at trial, as Gass resides in Oregon and thus falls outside of the Court's subpoena power.  *See* Fed. R. Civ. P. 45(c)(1); ECF No. 98-8 at 4.