UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Adam Thull,  Court File No. 11-cv-2368 (PJS/LIB)

         Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Techtronic Industries Co., Ltd., et al.,

         Defendants.

      This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636(b)(1), upon Plaintiff's Motion for Review of Clerk's Entry of Cost Judgment, [Docket No. 247].

      On October 24, 2014, the Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, entered judgment in the present case in favor of Defendants, following trial by jury. (Judgment [Docket No. 242]). On November 24, 2014, Defendants filed a Bill of Costs, [Docket No. 243], and on December 8, 2014, Plaintiff filed objections thereto, [Docket No. 245]. On January 16, 2015, the Clerk of Court entered a Cost Judgment in favor of Defendants, finding Plaintiff responsible for $35,052.78 in costs. (Cost Judgment [Docket No. 246]). That same day, January 16, 2015, Plaintiff filed the present Motion for Review of Clerk's Entry of Cost Judgment, [Docket No. 247].

      The Cost Judgment finds Plaintiff responsible for the following costs:

1. Fees of the clerk: $700.00
2. Fees for transcripts: $16,094.66
3. Fees for printing: $3,563.88
4. Fees for witnesses: $12,373.89
5. Fees for exemplification and copies: $2,320.35

(Cost Judgment [Docket No. 246], at 1).

In support of the present motion for review of the Cost Judgment, Plaintiff argues that the Court should summarily deny taxation of costs because Plaintiff is indigent. (Pl.'s Motion for Review of Clerk's Entry of Cost Judgment [Docket No. 247], at 1). Plaintiff raises no specific objections to the cost calculations. Plaintiff represents that as a result of the injuries sustained in the underlying table saw incident, Plaintiff is no longer able to work as a carpenter or woodworker, his occupation prior to the accident. (Thull Decl. [Docket No. 248-1], ¶¶ 2-3). Plaintiff represents that he is able to perform "some very limited, occasional work" in construction and snow removal/lawn care, earning approximately $300-$400 per month. (Id. ¶ 5). Plaintiff represents that he has no assets, no savings, and no 401k or other retirement plan. (Id. ¶ 6). Plaintiff represents that he is in debt and at risk of losing his home. (Id. ¶ 7).

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Costs to be taxed include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The prevailing party is presumptively entitled to recoverable costs. Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs."); In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs.") (citing Fed. R. Civ. P. 54(d); Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497

(8th Cir. 2002)). However, "[a]lthough some circuits are of the view that costs should only be denied to a prevailing party if it is guilty of some misconduct or other action worthy of penalty, it appears that the Eighth Circuit takes a broader view, finding that Rule 54(d)'s grant of discretion alone permits a court to deny costs." Wheeler v. Carlton, 2007 WL 1020481, at *2 (E.D. Ark. Apr. 2, 2007) (citing Greaser v. State, Dep't of Corr., 145 F.3d 979, 985 (8th Cir. 1998)). "District courts have substantial discretion in awarding costs under Rule 54(d)." Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Indeed, "within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F.2d 136, 140 (8th Cir. 1987); Marx, 133 S. Ct. at 1172 ("Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court.").

District courts within the Eighth Circuit have, in the past, considered the non-prevailing party's financial status when determining whether to tax costs. The Eighth Circuit has upheld awards of Rule 54(d) costs against non-prevailing parties experiencing "economic hardship." In re Derailment Cases, 417 F.3d at 845 (citing Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003) (award of costs to federal law enforcement agents and against indigent prisoners); Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983) (award of costs to major corporation and against individual plaintiff of "limited financial resources")). In In re Derailment Cases, the Eighth Circuit held that the district court did not abuse its discretion when it awarded costs after implicitly considering the plaintiff's limited financial means. 417 F.3d at 845.

However, although "unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them[,]" Wheeler, 2007 WL 1020481, at *3 (citing McGill v.

Faulkner, 18 F.3d 456, 458 (7th Cir. 1994)), other courts within the Eighth Circuit have, in their discretion, *denied* taxation of costs against indigent parties. See Kaplan v. Mayo Clinic, No. 07-cv-3630 (JRT/JJK), 2011 WL 3837095, at *1 (D. Minn. Aug. 29, 2011) ("Because the Kaplans are indigent, the Court exercises its discretion to award costs to the prevailing party and denies costs in this case."). In Kaplan, Judge Tunheim held that the record before the court demonstrated that plaintiff was disabled; could not seek, find or hold employment; relied on disability payments and decreasing benefits from private disability insurance; had substantial and on-going medical expenses; and was buried under substantial debt. Id. Relying on Seventh Circuit case law recognizing indigence as an appropriate justification for denying costs,[1] the Kaplan court held that the plaintiff had adequately demonstrated indigence: "Elliot Kaplan has lost his ability to work due to medical procedures. The Kaplans have sold their personal property, are in foreclosure, and owe over $550,000 in medical expenses, attorney fees, taxes, witness fees, and credit card debt. In addition, the value of their investments has decreased substantially." Id. at *2.

In the present case, the Court finds that Plaintiff has demonstrated his indigence and recommends, as a result, that costs be denied. Plaintiff's sworn declaration represents that he has limited employment opportunities and that despite these opportunities and his wife's employment – the details of which Plaintiff does not disclose – the declaration is clear that Plaintiff and his family are unable to cover basic living expenses and are at risk of losing their home. Plaintiff has no assets, no savings, no retirement plan. Significantly, Plaintiff's case was

---

[1] Rivera v. City of Chi., 469 F.3d 631, 635 (7th Cir. 2006) (citing cases); Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1982) ("It is of course within a court's discretion to deny costs because a plaintiff is poor . . . ."); see also Badillo v. Cent. Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983) ("[I]t is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d). . . . [T]he inability to pay is a proper factor to be considered in granting or denying taxable costs.").

far from frivolous; Judge Schiltz denied Defendants' Motion for Summary Judgment prior to setting the present case for trial, (Order [Docket No. 93]), and granted a number of Plaintiff's motions in liminae while denying a number of Defendants', (Order [Docket No. 227]). Despite the fact that Plaintiff did not prevail at trial, the present record before the Court does not demonstrate that Plaintiff's claims were frivolous. C.f., Porter v. McDonough, No. 09-cv-2536 (RHK/SER), 2011 WL 821181, at *1 (D. Minn. Mar. 2, 2011) ("[T]he Court recognizes that Porter may have difficulty paying Defendants' costs due to his current incarceration and indigence. Nevertheless, *given the clear victory Defendants obtained and the general weakness of Porter's evidence at trial*, the Court believes taxing costs against him is appropriate.") (emphasis added).

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

That Plaintiff's Motion for Review of Clerk's Entry of Cost Judgment, [Docket No. 247], be **GRANTED** and that costs not be taxed.

Dated: February 4, 2015                              s/Leo I. Brisbois
                                                                                         Leo I. Brisbois
                                                                                         U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 18, 2015**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections by **March 4, 2015**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.

Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.